**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 07-22463-CIV-GOLD/TURNOFF**

LINDSAY JENKINS,

      Plaintiff,

vs.

DEUTSCHE BANK, et al.,

      Defendants.

_____/



FILED by _____ D.C.

OCT 0 7 2008

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## OPPOSITION TO DEFENDANTS' "MOTION TO DISMISS" AND CROSS-MOTION TO ENTER DEFAULT AGAINST THE MOVING DEFENDANTS

Plaintiff Lindsay Jenkins responds to the "motion to dismiss" filed by several defendants and referenced in this Court's OSC of September 26th. For convenience, all of the moving defendants will be referred to as "the defendants."

The defendants' motion should be denied for the reasons which follow.

In addition, based on the same following reasons, the Plaintiff cross-moves this Court to enter a default against the moving defendants for failure to answer or otherwise plead.

1. The facts of this case

    A. The defendants filed a surreptitious Appearance and Defendants' response in opposition to a retransfer.

B. The certificate of service filed by the defendants
was false and fraudulent.

C. Plaintiff did not learn of the defendants' filing
until later. After she protested, the defendants filed a
"corrected" certificate of service for their appearance and
opposition to retransfer, attached hereto as Exhibit A (2
pages).

D. The defendants began to vigorously litigate in this
lawsuit. They served papers concerning venue; they appeared at a
hearing conducted by the court. They filed hundreds of pages of
documents including unprovoked personal attacks on the Plaintiff
and other demands. The defendants also contacted the Plaintiff
and demanded she proceed with a parties' planning meeting before
the magistrate judge. In addition to responding to Plaintiff's
motions, the defendants filed their own motions.[1] But they never
filed a Rule 12 (b) motion or an answer.

2. The applicable principles of law

A. Once a party files an appearance, a party has
twenty (20) days to file an answer or a Rule 12 (b) motion.
Failure to file a prompt 12 (b) motion waives the issues
encompassed in Rule 12 (b).

B. The defendants did not challenge service of process
until more than four (4) months after they had appeared and long

---

[1] Plaintiff is not certain how documents should be counted but
defendants have file approximately eleven (11) major motions or
documents in this action.

after they were vigorously and viciously litigating before this Court.

C. Objections to service of process are waived if not asserted in a **timely** motion. Here, a major law firm has been litigating for seven months and claims a right to litigate without a duty to file a timely answer or Rule 12 (b) response. That argument is nonsense. Once the defendants filed an appearance in this court, they had twenty days to file an appropriate motion and failed to do so. Therefore, they waived all waivable defects such as service of process, venue and personal jurisdiction, Pardazi v. Cullman Medical, 896 F.2d 1313 1317 (11th Cir. 1990).

D. Two decisions remarkably similar to this dispute strongly support the Plaintiff's position. In Datskow v. Teledyne, 899 F.2d 1298, 1303 (2d Cir. 1990) the Second Circuit stated "A delay in challenging personal jurisdiction by motion to dismiss has resulted in waiver, even where, as here, the defense was asserted in a timely answer…[W]e conclude that defendant's conduct bars it from complaining about the defective form of service." Here, defendants participated in hearings, filed documents on issues unrelated to service, failed to file any timely motion to dismiss or answer and then sought to raise the issue of service of process months later after the case appeared to them to be going against them.

The case of Jenkins v. Topeka, 958 F. Supp. 556, 560-561 (D. Kan. 1997) is equally applicable and equally persuasive. Defendants in this lawsuit filed an Appearance reserving various claims. Thus, there is no doubt they were aware of those defenses. Rather than filing a timely response they sought to "bank" these defenses to a later date. All of the case law precludes such a strategy.

Defendants never followed through within the 20-day period, and went ahead filing other motions, participating in hearings, filing voluminous defenses to sanctions and otherwise seeking to participate fully in the lawsuit. In Jenkins (no relation), the judge held: "**In other words, the filing of an entry of appearance shall have the same effect as service…unless the defendant timely files a responsive pleading or motion asserting insufficiency of service of process.**"

Here, it is clear the defendants did not file a "timely" motion. Instead, they sought to "game" the litigation by participating actively but not filing time-sensitive documents such as an answer of motion to dismiss. They only pulled the service of process rabbit out of their hats when they decided the lawsuit was going against them. No one could argue that a more than four-month delay was "timely." Therefore, service of process was waived. Jenkins, supra, Datskow, supra.

3. The effect of Clerk's failure to issue summonses
   after being ordered to do so

Alternatively, because the Clerk of this Court has failed to issue summonses after a specific order to do so from this Court, Plaintiff cannot be punished because of the laxity in the Clerk's office. There is no way the trigger to serve defendants is activated unless and until the Clerk issues a summons.

CONCLUSION

The foregoing cases strongly support Plaintiff's position that the defendants failed to file **timely** motions, while inundating this Court with motions of their choosing, and thus waived defects in personal jurisdiction, venue and service of process.

The defendants' motion to dismiss should be denied.

Plaintiff's cross-motion to default these moving parties should be granted.

Dated: October 4, 2008

Respectfully submitted,

LINDSAY JENKINS
300 Burns Street
Forest Hills, NY 11375
Toll-free tel. (888) 552-2194
Toll-free fax  (888) 696-3799
(fax not to exceed 10 pp.)

6

Certificate of service

    I certify I have served George Andrews, Esq., by fax to
(954) 463-2224 October 4, 2008 (without exhibits).

             LINDSAY JENKINS

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 07-22463-CIV-GOLD/TURNOFF

LINDSAY JENKINS,

      Plaintiff,

v.

DEUTSCHE BANK, NATIONAL TRUST
COMPANY, BILLI K. POLLACK,
DAVID J. STERN, P.A., TONY EBERS,
INDYMAC BANK and MERITPLAN
INSURANCE COMPANY,

      Defendants.

_____/

### NOTICE OF FILING CORRECTED CERTIFICATE OF SERVICE

Defendants, DEUTSCHE BANK, TONY EBERS, and INDYMAC BANK (collectively,

"Defendants"), by and through their undersigned counsel, hereby give notice of filing a

Corrected Certificate of Service for Defendants' Notice of Appearance as Counsel ( D.E. # 15).

The corrected Certificate of Service is attached hereto as Exhibit "A."

Respectfully submitted this 5th day of **May 2008.**

/s/ Richard E. Landman
Richard E. Landman
Florida Bar No. 149713
E-Mail: richard.landman@akerman.com
George N. Andrews
Florida Bar No. 0015885
E-Mail: george.andrews@akerman.com

**AKERMAN SENTERFITT**
Las Olas Centre II
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, Florida 33301
954-759-8971(ph)/954-463-2224 (fax)

*Counsel for Deutsche Bank, Tony Ebers
and Indymac Bank*

EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 07-22463-CIV-GOLD/TURNOFF

LINDSAY JENKINS,

      Plaintiff,

v.

DEUTSCHE BANK, NATIONAL TRUST
COMPANY, BILLI K. POLLACK,
DAVID J. STERN, P.A., TONY EBERS,
INDYMAC BANK and MERITPLAN
INSURANCE COMPANY,

      Defendants.

_____/

## NOTICE OF FILING CORRECTED CERTIFICATE OF SERVICE

Defendants, DEUTSCHE BANK, TONY EBERS, and INDYMAC BANK (collectively,
"Defendants"), by and through their undersigned counsel, hereby give notice of filing a
Corrected Certificate of Service for Defendants' Response in Opposition to Plaintiff's, Lindsay
Jenkins ("Plaintiff"), Motion to Retransfer Case to Eastern District ( D.E. # 14).  The corrected
Certificate of Service is attached hereto as Exhibit "A."

Respectfully submitted this 5th day of May 2008.

      /s/ Richard E. Landman
      Richard E. Landman
      Florida Bar No. 149713
      E-Mail: richard.landman@akerman.com
      George N. Andrews
      Florida Bar No. 0015885
      E-Mail: george.andrews@akerman.com

      **AKERMAN SENTERFITT**
      Las Olas Centre II
      350 East Las Olas Blvd., Suite 1600
      Fort Lauderdale, Florida 33301
      954-759-8971(ph)/954-463-2224 (fax)

      *Counsel for Deutsche Bank, Tony Ebers*
      *and Indymac Bank*

{FT483980;1}