UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 07-22463-CIV-GOLD/MCALILEY

LINDSAY JENKINS,

    Plaintiff,

v.

DEUTSCHE BANK, et al.,

    Defendants.
_____/

## ORDER DENYING MOTION TO RECONSIDER; REQUIRING RESPONSE TO MOTION TO ENTER DEFAULT

This CAUSE is before the Court on Plaintiff's Motion to Reconsider Order of May 7, 2009 [DE 83] and Motion for Default Judgment [DE 85]. In Plaintiff's Motion to Reconsider, she asks this Court to reconsider the denial of her Motion for Extension of Time [DE 75] to serve her First Amended Complaint on unspecified "California Defendants."[1] In that Order [DE 79], I explained that Plaintiff had not demonstrated good cause why an extension of time should be granted. This Court had previously granted Plaintiff extensions of time until February 27, 2009 to serve Defendants in this action. Plaintiff failed to comply with this deadline, and only moved for an extension of time until May 4, 2009 on the basis of reasons I did not find credible. Plaintiff now argues that my denial "leaves the California defendants in limbo[, t]hey have not appeared, have not been dismissed and are not yet parties." This is not grounds for reconsideration.[2] The effect of

---

[1] From my review of the docket, it would appear that the California Defendants to whom Plaintiff refers are: Allen Matkins Leck Gamble Mallory & Natsis, LLP, Meritplan Insurance Company, IndyMac Bank and Tony Ebers.

[2] When, as here, a motion for reconsideration is served after ten days of the rendition of the judgment, Federal Rules of Civil Procedure 60(b) applies. *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357 (S.D. Fla. 2004). Rulbe 60(b)

failing to timely serve defendants is the dismissal of claims against those defendants.

Plaintiff further moves for entry of default against Defendants Ackerman, Banziger, Di Iorio, Krause, Lamberti, Borsig, Ruck, Bohr, Eick, Forster, Herling, Herzberg, Job, Kagermann, Klee, Labarge, Levy, Mark, Platscher, Sigert, Teyssen, Thieme, Todenhofer, Wenning and Wunderlich on the basis that they have failed to defend. The record reveals that these individual defendants were purportedly served on March 2, 2009 at the London office of Deutsche Bank [DE 84]. Defendants maintain they were not served at all [DE 81]. As Plaintiff has offered Proof of Service, Defendants are to file an additional response clarifying their position as to whether they have been properly served under Fed. R. Civ. P. 4(f), to which Plaintiff may file a reply. Accordingly, it is hereby

ORDERED and ADJUDGED that:

1. The Motion to Reconsider [DE 83] is DENIED.

2. The individual Defendants listed in the preceding paragraph shall file a Supplemental Response to Plaintiff's Motion for Default, consistent with the instructions set forth above, on or before June 26, 2009.

3. Plaintiff may file a Reply on or before July 6, 2009.

DONE and ORDERED in Chambers in Miami, Florida, this 17 day of June, 2009.

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

---

provides that upon motion, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) any other reason justifying relief from the operation of the judgment.

cc:
All counsel of record
U.S. Magistrate Judge Chris M. McAliley

From Chambers via U.S. Mail:

Lindsay Jenkins
300 Burns Street
Forest Hills, NY 11375