UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-22463-CIV-GOLD/TURNOFF

LINDSAY JENKINS,

    Plaintiff,

v.

JOSEF ACKERMANN, et al.,

    Defendants.

_____/

**SUPPLEMENTAL MEMORANDUM OF LAW OF JOSEF ACKERMANN, HUGO BÄNZIGER, ANTHONY DI IORIO, STEFAN KRAUSE, HERMANN-JOSEF LAMBERTI, CLEMENS BÖRSIG, KARIN RUCK, WOLFGANG BÖHR, KARL-GERHARD EICK, HEIDRUN FÖRSTER, ALFRED HERLING, GERD HERZBERG, PETER JOB, HENNING KAGERMANN, MARTINA KLEE, SUZANNE LABARGE, MAURICE LÉVY, HENRIETTE MARK, GABRIELE PLATSCHER, THEO SIEGERT, JOHANNES TEYSSEN, MARLEHN THIEME, TILMAN TODENHÖFER, WERNER WENNING, AND LEO WUNDERLICH TO PLAINTIFF'S MOTION TO ENTER DEFAULT AND DEFAULT JUDGMENT AGAINST DEUTSCHE BANK DEFENDANTS**

Defendants Josef Ackermann, Hugo Bänziger, Anthony Di Iorio, Stefan Krause, Hermann-Josef Lamberti, Clemens Börsig, Karin Ruck, Wolfgang Böhr, Karl-Gerhard Eick, Heidrun Förster, Alfred Herling, Gerd Herzberg, Peter Job, Henning Kagermann, Martina Klee, Suzanne Labarge, Maurice Lévy, Henriette Mark, Gabriele Platscher, Theo Siegert, Johannes Teyssen, Marlehn Thieme, Tilman Todenhöfer, Werner Wenning, and Leo Wunderlich ("Individual Foreign Defendants")[1], pursuant to the Court's June 17, 2009 Order, supplement their memorandum[2] in opposition to Plaintiff Lindsay Jenkins' ("Plaintiff" or "Ms. Jenkins") Motion to Enter Default and Default Judgment Against Deutsche Bank Defendants ("Motion for Default"), and, accordingly, clarify that the Individual Foreign Defendants have not been properly served with process under Federal Rule of Civil Procedure 4(f) and proper service has not been effected. Moreover, the attempted service on the Individual Foreign Defendants on

---

[1] All of the Individual Foreign Defendants work and reside outside of the United States.

[2] Dkt. No. 81.

March 2, 2008, was after the court-ordered deadline.  Therefore, because the Individual Foreign Defendants have not been properly served, Ms. Jenkins' Motion for Default must be denied.

Moreover, the Individual Foreign Defendants, along with this supplemental memorandum, filed a Motion to Dismiss the First Amended Complaint ("Amended Complaint") for inadequate and untimely service pursuant to Rule 12(b)(5), failure to state a claim pursuant to Rule 12(b)(6), and lack of personal jurisdiction pursuant to 12(b)(2) ("Motion to Dismiss").  And with the Motion to Dismiss, the Individual Foreign Defendants submitted a sworn declaration evidencing that the March 2nd attempted service was improper.

### I.
### Ms. Jenkins' Motion For Default Must Be Denied Because She Has Not Properly Served The Individual Foreign Defendants

A default may not be entered unless the plaintiff first serves the defendant with process, and then provides adequate evidence that the defendant was properly served with the complaint under Rule 4 of the Federal Rules of Civil Procedure.  Ms. Jenkins has not and cannot show proper service because the Individual foreign Defendants have not been served.  Indeed, when Ms. Jenkins' so-called "Proof of Service"[3] is examined in light of service requirements for foreign defendants under Rule 4(f), the "Proof of Service" proves nothing more than **improper** service and, accordingly, confirms that a default, as a matter of law, cannot be entered against the Individual Foreign Defendants.  *See Dyer v. Wal-Mart Stores, Inc.*, 2008 WL 1913924, * 1 (M.D. Fla. 2008) ("Because the defendant has not been properly served, the plaintiff's motion for a default judgment is denied."); *M. Owens v. Benton*, 2006 WL 1824153 (11th Cir. 2006) (upholding district court's denial of plaintiff's motion for default because an adequate proof of service was not filed); *Cosme v. The Palms Hotel & Villas, LLC*, 2007 WL 1841309, *1-2 (M.D. Fla. 2007) (denying Plaintiff's motion for entry of clerk's default because plaintiff's affidavit of service did not show proper service); *Gellert v. Richardson*, 1996 WL 107550, * 14 (M.D.

---

[3] Dkt. No. 84.

Fla.1996) (denying Plaintiff's motion for default judgment because it was plain from the return of service that Plaintiff did not comply with Rule 4's applicable service requirements).

### A. Ms. Jenkins' So-Called "Proof Of Service" Confirms She Has Not Complied With Federal Rule Of Civil Procedure 4(f)

The Proof of Service shows that after the court-ordered February 27th deadline to serve all the defendants had passed[4], 25 copies of the Amended Complaint and summonses that were addressed to each Individual Foreign Defendant at Theodor-Heuss-Alee 70, 60486 Frankfurt am (the location of a Deutsche Bank AG office in **Germany**) ("Germany Deutsche Bank AG Office") were delivered by an individual named Stella Hellier to 1 Great Winchester Street in London (the location of an office of Deutsche Bank AG, London Branch, in the **United Kingdom**) ("United Kingdom Deutsche Bank AG Office") and left with "Mr. Kieran Garvey of Deutsche Bank Legal Department."[5] Such service is not proper under Rule 4(f) because:

- the summonses were not served through the means mandated by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention");

- the summonses were not personally served on any of the Individual Foreign Defendants as mandated by United Kingdom Civil Procedure Rules;

- Ms. Jenkins, accordingly, cannot meet her burden of proving service pursuant to the Hague Convention or the United Kingdom's proof of service requirements;

- the summonses and complaints were not served at the address directed by the Court; and

- the attempted service occurred after the court-ordered deadline.

Therefore, the Individual Foreign Defendants have not been properly served. And a default cannot be entered against them. *See* Individual Foreign Defendants' Motion to Dismiss.

---

[4] The Court previously granted Ms. Jenkins a third extension of time to serve the summons and complaint on all defendants by February 27, 2009. *See* Order (Dkt. No. 54).

[5] *See* Dkt. No. 84.

1. **Federal Rule Of Civil Procedure 4(f)'s Service Requirements On Foreign Defendants**

Because Ms. Jenkins attempts to effect service in the United Kingdom, she is required to use the service methods set forth in the Hague Convention or another means of service that the United Kingdom allows.[6]  But, as explained below, the method of service Ms. Jenkins used is not valid.  The attempted service fails.  And a default cannot be entered against the Individual Foreign Defendants.

   a. **Ms. Jenkins Did Not Comply With The Hague Convention Service Method**

Under articles 2 through 7 of the Hague Convention, the principal method for service of judicial documents is to submit a Request for Service Abroad of Judicial or Extrajudicial Documents ("Request") with the country's designated Central Authority.  *See* Hague Convention Arts. 2-7, Nov. 15, 1965, 20 U.S. T. 361.  If the Request is in compliance with the Hague Convention's provisions, the Central Authority then authorizes the service and approves the Request, and either serves the documents or arranges to have them served by an appropriate agency, along with the authorized Request and a summary of the document to be served ("Summary").  *See* Hague Convention Arts. 2-7, Nov. 15, 1965, 20 U.S. T. 361. Additionally, once the judicial documents, Request, and Summary are served, the Hague Convention requires the Central Authority to prepare and file an official certificate form indicating that process was served, the method used to effect service, the place and location of service, and the person to whom service was effected.  *See* Hague Convention, Art. 6.

---

[6] Because the United States and the United Kingdom are signatories to the Hague Convention, Ms. Jenkins must comply with its service requirements.  *See* Fed. R. Civ. P. 4(f)(1); *Banco Latino, S.A.C.A. v. Gomez Lopez*, 53 F. Supp. 2d 1273, 1278 (S.D. Fla. 1999); *Mayoral-Amy v. BHI Corporation*, 180 F.R.D. 456, 459; *Vokswagenwerk AG v. Schlunk*, 486 U.S. 694, 699 (1988).  This Court, however, has construed Rule 4(f) to allow service methods not provided by the Hague Convention so long as the foreign country receiving service has not objected to such means in the Hague Convention or otherwise.  *See Banco Latino*, 53 F. Supp. 2d at 1280.  For a thorough discussion regarding the applicable law governing service of process of documents from a foreign jurisdiction in the United Kingdom, *see* section III(B)(1) of the Individual Foreign Defendants' Motion to Dismiss, at pages 8-9.

Here, Ms. Jenkins has not provided any evidence that proper service occurred under the Hague Convention and no such evidence exists. The Proof of Service does not indicate that any documents authorizing service were delivered with the summonses and complaints.[7] Rather, it shows that Ms. Hellier merely left copies of the summonses and complaints at an office of Deutsche Bank AG, London Branch in the United Kingdom without an authorized Request or Summary.[8] Thus, Ms. Jenkins did not comply with the Hague Convention's method of service.

### b. Ms. Jenkins Did Not Personally Serve Process In Accordance With United Kingdom's Service Of Process Laws

Ms. Jenkins' attempted service also fails under United Kingdom law because the summonses and complaints were not personally delivered to any of the Individual Foreign Defendants at their residences. United Kingdom Civil Procedure Rule 6.9(2)[9] states that, where a defendant has not provided an address (such as the case here), the claim form must be served on an individual defendant at his usual or last known residence.[10] Moreover, United Kingdom Civil Procedure Rule 6.5[11] mandates that the Individual Foreign Defendants be personally served with a complaint by "leaving it with that individual." *See* CPR 6.5(1) and (3).

All of the summonses and complaints were hand-delivered to Mr. Garvey—**an individual other than the 25 Individual Foreign Defendants listed on the summonses**—at the United Kingdom Deutsche Bank AG Office—**and not their individual residences**.[12] Thus, the attempted service of process does not comport with United Kingdom's service of process

---

[7] *See generally* Proof of Service (Dkt. No. 84).

[8] *Id*.

[9] Rule 6.9(2) is entitled, "Service Of The Claim Form Where The Defendant Does Not Give An Address At Which The Defendant May Be Served."

[10] *See* http://www.justice.gov.uk/civil/procrules_fin/contents/parts/part06.htm#IDAWMA1B for United Kingdom's Civil Procedure Rule 6, which governs service of process.

[11] Rule 6.5 is entitled, "Personal Service."

[12] *See* Dkt. No. 84.

rules, and, for this additional reason, is ineffective under the Federal Rules of Civil Procedure. *See Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries*, 353 F.3d 916, 924-925 (11th Cir. 2003) (holding that service of process was ineffective on foreign defendant because the service of the complaint was not in substantial compliance with the formal requirements of the Fed. R. Civ. P. 4(f)).

### 2. Ms. Jenkins Cannot Meet Her Burden Of Proving Service

Additionally, Ms. Jenkins bears the initial burden of proving that service of process was properly effected on the Individual Foreign Defendants. *See Bodyup Fitness, LLC v. 2080039 Ontario, Inc.*, 2008 WL 516996, * 3 (S.D. Fla. 2008). Under Federal Rule of Civil Procedure 4(1)(2)(A), because Ms. Jenkins was required to comply with the Hague Convention, she is also required to prove service pursuant to the treaty. But Ms. Jenkins has not filed the Hague Convention's official certificate form with the Court.

Moreover, United Kingdom Civil Procedure Rule 6.17 requires that, where as here, the claimant (rather than the Court) serves a claim form and the defendants have not acknowledged service, "the claimant must file a certificate of service within 21 days of service of the particulars of the claim." Because Ms. Jenkins filed the Proof of Service 88 days after she served the Amended Complaint, she also cannot meet her burden of proving service under United Kingdom law. Thus, the attempted service fails for this reason as well.

### 3. The Summonses And Complaints Were Not Delivered To The Defendants Or The Address Designated In The Summons

The Proof of Service indicates that the summonses and complaints were all delivered to someone other than the 25 Individual Foreign Defendants in the United Kingdom, which—on its face—is not service that is reasonably calculated to give **each** of the Individual Foreign Defendants notice of Ms. Jenkins' lawsuit. Thus, for this yet additional reason, service is not effective, and a default cannot be entered against the Individual Foreign Defendants. *See, e.g., Able v. City of Brooksville,* 273 Fed. Appx. 809, 811 (11th Cir. 2008) (affirming district

court's decision to deny Plaintiff's motion for default because Plaintiff's proof of service stated that the complaint was left with someone other than the proper recipient of service of process, and was thus inadequate proof of service); *Hess Corporation v. Florida-Georgia Trucking, Inc.*, 2009 WL 248236, (M.D. Fla. 2009) (finding service was invalid, in part, because the process server served the summons and complaint at an address other than the one the summons listed and on someone other than the defendant); *Gellert*, 1996 WL 107550 at * 14 (finding that service at defendant's place of employment upon an individual who was not authorized to accept service on behalf of defendant was not proper under Federal Rules of Civil Procedure).

### 4. Ms. Jenkins' Attempt To Serve Process On The Individual Foreign Defendants Is Untimely

Even if Ms. Jenkins used the proper method to serve the Individual Foreign Defendants, the attempted service still fails because it occurred after the court-ordered time for Ms. Jenkins to serve the papers. The Court provided Ms. Jenkins with an abundant amount of time to effect service of the Amended Complaint. Despite the fact that Ms. Jenkins had not served her Initial Complaint until 454 days after she filed it, the Court, on December 1, 2008, granted Ms. Jenkins an additional 120 days to serve the Amended Complaint on all the defendants, and it provided her with specific instructions regarding how to properly effect service.[13] After this additional time was granted, Ms. Jenkins requested another enlargement of time until May 5, 2009, but the Court found that **good cause did not exist** to allow Ms. Jenkins until May to effect service.[14] It nonetheless granted Ms. Jenkins an extension until February 27, 2009.[15] Still, Ms. Jenkins waited until March 2, 2009 to simply have all 25 summonses left at one address in London. Thus, because Ms. Jenkins waited until after the **third** extension of time to attempt service, and because good cause does not exist to allow her additional time to effect

---

[13] *See* Order (Dkt. No. 43); Order (Dkt. No. 54).

[14] *See* Order (Dkt. No. 54).

[15] *Id*.

service, the attempted service of the Amended Complaint after the Court-imposed deadline is ineffective. And certainly a default should not be entered against the Individual Foreign Defendants for this reason as well.

## II.
## Ms. Jenkins' Motion For Default Must Be Denied Because The Individual Foreign Defendants Filed A Motion To Dismiss And Are, Thus, Not In Default

Additionally, despite the fact that the Individual Foreign Defendants have not been properly served, the Individual Foreign Defendants have filed a Motion to Dismiss pursuant to Rules 12(b)(5) (insufficient service of process), 12(b)(6) (failure to state a claim), and 12(b)(2) (lack of personal jurisdiction). Therefore, if anything, the Individual Foreign Defendants have prematurely defended Ms. Jenkins claims in the Amended Complaint and are not in default.

Federal Rule of Civil Procedure 55(a) directs a court to enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead **or otherwise defend**, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55 (emphasis added). The term "otherwise defend" includes a defendant's assertion of defenses under Rule 12(b). 10 *Moore's Federal Practice* § 55.11[2][b][i] (3d ed. 2009). Thus, a party who asserts a 12(b) defense, cannot be in default. *Id*., *see also Guimares v. National Opinion Research Services*, 2007 WL 2066310, *1 (S.D. Fla. 2007) ("The filing of a 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted has been held to be sufficient action to preclude entry of default.") Therefore, as a matter of law, because the Individual Foreign Defendants filed a Motion to Dismiss, they are not in default and the Motion for Default must be denied. *See Guimares*, 2007 WL 2066310, *1 ("Given that Defendants have filed a 12(b)(6) motion to dismiss for failure to state a claim and this motion remains pending, default under Rule 55 is improper.")

### III.
### Conclusion

The Individual Foreign Defendants have not been properly served under Federal Rule of Civil Procedure 4(f).  The Proof of Service does nothing more than confirm that Ms. Jenkins failed to comply with the federal rules for service of process.  And despite not being served, the Individual Foreign Defendants have appeared in this case and raised several Rule 12(b) defenses.  Therefore, the Individual Foreign Defendants are not in default and Ms. Jenkins' Motion for Default must be denied as a matter of law.

Respectfully submitted,

Dated: June 26, 2009.

s/ Robert M. Brochin
Robert M. Brochin
  Florida Bar No. 0319661
Natalia Medina
  Florida Bar No. 36249
Morgan, Lewis & Bockius LLP
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131-2339
Telephone:     305.415.3456
Facsimile:      305.415.3001
E-mail:           rbrochin@morganlewis.com

*Counsel for Defendants Josef Ackermann, Hugo Bänziger, Anthony Di Iorio, Stefan Krause, Hermann-Josef Lamberti, Clemens Börsig, Karin Ruck, Wolfgang Böhr, Karl-Gerhard Eick, Heidrun Förster, Alfred Herling, Gerd Herzberg, Peter Job, Henning Kagermann, Martina Klee, Suzanne Labarge, Maurice Lévy, Henriette Mark, Gabriele Platscher, Theo Siegert, Johannes Teyssen, Marlehn Thieme, Tilman Todenhöfer, Werner Wenning, and Leo Wunderlich*

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2009, I electronically filed *Supplemental Memorandum of Josef Ackermann, Hugo Bänziger, Anthony Di Iorio, Stefan Krause, Hermann-Josef Lamberti, Clemens Börsig, Karin Ruck, Wolfgang Böhr, Karl-Gerhard Eick, Heidrun Förster, Alfred Herling, Gerd Herzberg, Peter Job, Henning Kagermann, Martina Klee, Suzanne Labarge, Maurice Lévy, Henriette Mark, Gabriele Platscher, Theo Siegert, Johannes Teyssen, Marlehn Thieme, Tilman Todenhöfer, Werner Wenning, and Leo Wunderlich to Plaintiff's Motion to Enter Default and Default Judgment Against Deutsche Bank Defendants* with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> *By U.S. Mail:*
> Lindsay Jenkins
> 300 Burns Street
> Forest Hills, NY 11375
> Toll-free Tel.: (888) 552-2194
> Toll-free Fax:  (888) 696-3799

s/ Natalia Medina