UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 07-22463-CIV-GOLD/MCALILEY
(Related Cases: 09-20067-CIV, 09-20824-CIV, 09-21482-CIV)

LINDSAY JENKINS,

    Plaintiff,
v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, et al.,

    Defendants.
_____/

## OMNIBUS ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; REQUIRING PLAINTIFF TO SHOW CAUSE; CLOSING CASE

This CAUSE is before the Court on the respective Motions to Dismiss by four groups of Defendants [DE 62, 68, 72, 90][1] and Plaintiff's Motion for Default Judgment against the Individual Foreign Defendants [DE 85]. Plaintiff, proceeding *pro se*, has filed a Response [DE 82] and a Supplemental Response [DE 93] to the Motions to Dismiss, to which a Reply has been filed [DE 88]. The Individual Foreign Defendants have further furnished a Response to Plaintiff's Motion for Default Judgment [DE 91]. As I previously concluded that oral argument on these Motions would not aid in my determination, oral argument on

---

[1] The first is by Defendants Dinkar Jetley, Howard Topf, F Jim Della Sala, John Wallace, Akbar Poonawala, Roger Harrold and Deutsche Bank National Trust Company. The second is by Defendants Billi K. Pollack and the Law Offices of David J. Stern, P.A. The third is by Defendants Akerman Senterfitt, Richard E. Landman and George N. Andrews. The fourth is by Defendants Josef Ackermann, Hugo Bänziger, Anthony Di Iorio, Stefan Krause, Hermann-Josef Lamberti, Clemens Börsig, Karin Ruck, Wolfgang Böhr, Karl-Gerhard Eick, Heidrun Förster, Alfred Herling, Gerd Herzberg, Peter Job, Henning Kagermann, Martina Klee, Suzanne Labarge, Maurice Lévy, Henriette Mark, Gabriele Platscher, Theo Siegert, Johannes Teyssen, Marlehn Thieme, Tilman Todenhöfer, Werner Wenning, and Leo Wunderlich (collectively the "Individual Foreign Defendants").

these Motions was canceled or otherwise not scheduled. I have examined the pleadings, the case file and the relevant law. Because Plaintiff has demonstrated no meritorious basis for any of her claims or her request for default judgment, the Motions to Dismiss this case with prejudice are granted and the Motion for Default Judgment is denied. Further, because the other three related cases that Plaintiff has commenced, all of which are before me, were brought vexatiously and frivolously and are similarly wholly without merit, those cases are also dismissed with prejudice.

**I. Background**

      A.    Procedural History

There are four pending lawsuits filed by Ms. Jenkins against Deutsche Bank National Trust Company ("Deutsche Bank") and other defendants pending before me, and I believe it most useful to turn first to the procedural history of these cases. On August 14, 2007, Deutsche Bank commenced a mortgage foreclosure action ("State Foreclosure Action") against Ms. Jenkins after she defaulted on loan payments she owed for a Palm Beach County, Florida property (the "Property").[2] [DE 63-2, p. 6]. Three weeks later, on September 4, 2007, Ms. Jenkins filed the First Jenkins Lawsuit in the Eastern District of New York seeking money damages against Deutsche Bank, the law firm and attorneys that represented Deutsche Bank as well as all the other companies involved in the foreclosure for alleged "common law malicious foreclosure" and violations of the federal Fair Debt

---

[2] The mortgage, executed on December 25, 2005, was recorded in the public records of Palm Beach County, Florida on January 11, 2006, indicating that the mortgagee was IndyMac Bank, F.S.B., a federally chartered savings bank. [DE 63-2, p. 6]. Deutsche Bank has asserted that it holds title to Plaintiff's mortgage loan, as trustee of a trust formed under a Pooling and Service Agreement dated February 1, 2006 in which IndyMac Bank, F.S.B. assigned the Mortgage to Deutsche Bank.

Collections Practices Act ("FDCPA") [DE 4]. The Eastern District Court, by United States Magistrate Judge Lois Bloom, recognized that Ms. Jenkins' allegations stemmed from the State Foreclosure Action and transferred the case to this District as the above-captioned action, Case No. 07-22463. On October 1, 2008, Ms. Jenkins amended her Complaint in the First Jenkins Lawsuit [DE 38], added a "civil racketeering" claim and named two more law firms and 31 individuals who are currently or formerly affiliated in some manner to Deutsche Bank or its affiliates.

A few months later, she filed the Second Jenkins Lawsuit, Case No. 09-20067, which alleges the same three legal claims as the First Jenkins lawsuit—civil racketeering, violation of the FDCPA, and "common law malicious foreclosure," and named Deutsche Bank and nineteen other defendants, including various government agencies, high-ranked government officials, and lawyers and law firms involved in the State Foreclosure Action and the First Jenkins Lawsuit. The lawsuit was assigned to Judge Federico A. Moreno, and subsequently transferred before me. I *sua sponte* stayed the Second Jenkins Lawsuit to avoid duplicate litigation.

Ms. Jenkins filed the Third Jenkins Lawsuit, Case No. 09-20824, on March 31, 2009—approximately one month after a final judgment of foreclosure was entered in the State Foreclosure Action—and in it, named as defendants Deutsche Bank, U.S. District Judge William J. Zloch,[3] and two Palm Beach County judicial officers involved in the State Foreclosure Action. On May 1, 2009, Ms. Jenkins filed a fourth related case in the Eastern District of New York, again alleging "civil racketeering" and "common law malicious

---

[3] As discussed below, Judge Zloch was the presiding judge in removal proceedings, initiated by Ms. Jenkins, concerning the State Foreclosure Action against her.

3

foreclosure" claims, this time naming as defendants Deutsche Bank, counsel for Deutsche Bank, two additional Palm Beach County judicial officers that were involved in the State Foreclosure Action, and the local Palm Beach County newspaper that published notice of the Property's foreclosure sale. This case, like the First Jenkins Lawsuit, was transferred to this District and again assigned to me as Case No. 09-21482.[4]  To avoid duplicative litigation, these actions were also stayed.

Over the course of filing these federal actions, Ms. Jenkins also attempted multiple times to remove the State Foreclosure Action to the District Court.  In June, 2008, Ms. Jenkins removed the State Foreclosure Action to this Court purportedly because there was diversity of citizenship under 28 U.S.C. § 1332.  Judge Zloch remanded the State Foreclosure Action because Ms. Jenkins, in her removal papers, alleged she was a citizen of Florida—the state where the foreclosure action was brought—and, thus, pursuant to 28 U.S.C. § 1441(b), the action was not removable. [Case. No. 08-80717-CIV-ZLOCH, DE 21].  Not satisfied with the remand to state court, Ms. Jenkins unsuccessfully attempted to recuse Judge Zloch and appeal his decision.  *Id.* at DE 26, 28.[5]  Ms. Jenkins again filed a Notice of Removal on September 25, 2008 (Case No.: 08-22709-CIV-ZLOCH) and April 2, 2009 (Case No.: 09-80527-CIV-MARRA).  The cases were remanded to state court in

---

[4] United States District Judge Nicholas G. Garaufis of the Eastern District of New York warned Ms. Jenkins that "the filing of additional complaints relating to the instant matter may result in sanction, including barring the acceptance of any future complaints without leave of court."

[5] On November 18, 2008, the Eleventh Circuit Court of Appeals dismissed Ms. Jenkins' appeal of Judge Zloch's remand orders.  *Id.* at DE 31.  Case No.: 08-22709-CIV-ZLOCH was also appealed, and the Eleventh Circuit dismissed the appeal in this case on February 3, 2009. [Case No. 08-22709-CIV-ZLOCH, DE 11].

both of these instances as well.

  B.  Plaintiff's Claims in the First Jenkins Lawsuit

The operative complaint in the above-captioned action, the First Jenkins Lawsuit, is the Amended Complaint filed October 1, 2008 [DE 38]. As referenced above, the action alleges three counts against all Defendants: (1) civil racketeering; (2) violation of the federal Fair Debt Collections Practices Act ("FDCPA"); and (3) common law malicious foreclosure

In Count I, for civil racketeering, Ms. Jenkins alleges that she was the target of an unspecified surprise attack state court lawsuit, presumably the State Foreclosure Action, and that Deutsche Bank harassed, abused, and intimidated her; that Defendant Meritplan Insurance Company charged insurance on her property in violation of unspecified federal and state law; that the CEO of Indymac Bank, Defendant Tony Ebers, failed to properly supervise his employees, that counsel for Deutsche Bank Defendants Billi K. Pollack and David J. Stern, P.A. conspired with Deutsche Bank; and that Defendants sent a process server who falsely represented she was acting pursuant to a court order. [DE 38, p. 4-5, 8]. Based on these factual allegations, Plaintiff alleges that Defendants have filed thousands of frivolous and malicious foreclosure lawsuits in a RICO scheme to loot, or aid and abet in the looting of homes, including Plaintiff's home. *Id.* at p. 6. Plaintiff further alleges that racketeering activity consisted of engaging in mail and wire fraud to engage in a scheme to defraud Plaintiff. *Id.* at p. 7-8. Finally, as part of the civil racketeering claim, Plaintiff alleges that Defendants committed extortion, engaged in extra-judicial self-help, and placed her in fear of an imminent home invasion. *Id.* at p.9.

Count II, for violation of the FDCPA, alleges that Defendants sent someone who

was fraudulently using a judge's calling card to her home who threatened to place her under "surveillance"; that the State Foreclosure Action was filed to harass and abuse Plaintiff and without verification of any mortgage payments owed and without disclosure of the legal status of the party filing the lawsuit or any detail concerning the Defendants' legal interest in her property, and that the amounts sought were unlawfully inflated. *Id.* at p. 10-11.

Finally, in Count III for common law malicious foreclosure, Ms. Jenkins repeats certain factual allegations concerning the refusal by Defendants to provide any proof that they have an ownership interest in her property, specifically that Deutsche Bank has had no prior contractual relationship with Plaintiff and has failed to demonstrate that it is acting as a "trustee," and that Deutsche Bank has therefore commenced a wrongful, malicious and abusive foreclosure action against Plaintiff. *Id.* at 12-13.

  C. Related Cases

Several key similarities exist across all four cases are filed by Ms. Jenkins. The allegations in all four complaints are based on a State Mortgage Foreclosure Action instituted against Ms. Jenkins in Palm Beach County, Florida as a result of her defaulting on loan payments; all four cases name Deutsche Bank as a Defendant and contain counts for "civil racketeering" and "common law malicious foreclosure"; and all seek relief in the form of an injunction against any pending or future foreclosure proceedings against Ms. Jenkins.

The civil racketeering claim is substantially similar across all four complaints, with each complaint adding additional defendants alleged to acting in conspiracy and concert with each other.  In the Second Jenkins Lawsuit, she adds to her civil racketeering claim

the involvement of the Mnuchin Group, a group of "shadowy Wall Street speculators who may have contributed to the financial collapse [of] Wall Street," the Federal Deposit Insurance Corporation, its Chairwoman Sheila Bair, the Office of Thrift Supervision, and Judge Zloch. [Case No. 09-20067, DE 1 at p. 2, 5]. In the Third Jenkins Lawsuit, Plaintiff interposes the same civil racketeering claim, this time to address the alleged participation of certain judicial officers of Palm Beach County in failing to properly adjudicate the State Foreclosure Action [Case No. 09-20824, DE 1 at p. 3].[6] Finally, in the Fourth Jenkins Lawsuit, Ms. Jenkins adds to her civil racketeering claim the involvement of another judicial officer of Palm Beach County, the Clerk of Court of the Circuit Court of Palm Beach County, and counsel for Deutsche Bank Morgan Lewis & Bockius [Case No.: 09-21482, DE 1 at p. 3-4].

D.  Plaintiff's Conduct

It is plain from a review of the procedural history and the claims contained in these related cases, that Ms. Jenkins' motive, at its very root, in instigating these federal actions and attempting to remove her State Foreclosure Action to federal court on multiple occasions, is to protract and delay the foreclosure of her Property. She has in essence

---

[6] The only notable difference presented by these related cases is a count in the Third Jenkins Lawsuit directed against Judge William J. Zloch for sexual harassment and abuse. She alleges that through her due diligence, she discovered evidence that Judge Zloch held an "extremist theology and repressive ideology towards women" and that she was facing "a sexual predator on the federal bench." *Id.* at 9. Her only basis for such a frivolous claim is that Judge Zloch's decisions to remand the State Foreclosure Action were "fraudulent orders disregarding Plaintiff's statutory entitlement to a federal forum... without a scintilla of arguable merit." *Id.* As she herself conceives, she has "never encountered [Judge] Zloch." *Id.* The idea that sexual harassment claim against a judge can be based merely on disagreement with a judge's religious affiliation or political inclinations or with the reasoning of a judge's orders is preposterous, utterly without merit, and unworthy of further discussion.

sued nearly every conceivable party who was involved, even if only tangentially or remotely, to the foreclosure proceedings. Indeed, Ms. Jenkins has previously sought a stay of the State Foreclosure Action, and now that the Property has been foreclosed, sought emergency motions to halt the seizure of her Property.

While I certainly respect and appreciate any plaintiff's desire to pursue her legal remedies to the fullest extent, Plaintiff has repeatedly burdened this Court with frivolous filings and has repeatedly failed to abide by this Court's instructions and deadlines. Her conduct cannot be fully excused by the fact she is proceeding *pro se* in this case; Ms. Jenkins is clearly an experienced and strategic litigant and is aware of litigation procedures. As set forth below, because I conclude Plaintiff is a vexatious litigant who has already required this Court to expend significant judicial resources, Plaintiff shall be sanctioned and restricted from filing in this District any further actions relating to the foreclosure of her Property without leave of court.

## II.     Standard of Review

In determining whether to grant a motion to dismiss, the court must accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)*; Hoffend v. Villa*, 261 F.3d 1148, 1150 (11th Cir. 2001). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the...claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, -- U.S. --, --,  127 S. Ct. 1955, 1959, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "Of course, 'a formulaic recitation of the elements of a cause of

action will not do.'" *Watts v. Florida Intern. University*, 495 F.3d 1289, 1295 (11th Cir. 2007) *(*quoting *Twombly*, 127 S.Ct. at 1965). "While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because it strikes a savvy judge that actual proof of those facts is improbable, the factual allegations must be enough to raise a right to relief above the speculative level." *Watts*, 495 F.3d at 1295 (citing *Twombly*, 127 S. Ct. at 1965) (internal quotations omitted)). In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n] ' -'that the pleader is entitled to relief.' " *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). However, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998) (citation omitted).

**III.    Discussion**

In order for these cases to be resolved with finality, however, I examine whether Plaintiff has demonstrated any cognizable legal basis for her claims, setting aside the fact that a substantial number of Defendants named in this case and the related cases have not been properly served and that a number of defendants have no apparent connection to the legal claims asserted. As set forth below, Plaintiff has not state any legal claims for

9

which relief can be granted.[7]

    A.    Plaintiff cannot state a cause of action for which relief can be granted

        1.    Civil racketeering

Although not specifically identified by Plaintiff, her claim for civil racketeering is pursuant to 18 U.S.C. § 1962(c) and (d).[8] They provide:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection...(c) of this section.

18 U.S.C. § 1962(c), (d).

In *Salinas v. United States*, 522 U.S. 52, 62, 118 S. Ct. 469, 476, 139 L. Ed 2d 352 (1997), the Supreme Court held that a plaintiff seeking treble damages under § 1962(c) of the federal RICO statute must satisfy the following elements of proof: "(1) conduct (2) of an enterprise (3) through a pattern of racketeering activity." *See also Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S. Ct. 3275, 3285, 87 L.Ed.2d 346 (1985); *Jones v.*

---

[7] Despite Plaintiff's assertion that there is inherent judicial bias against *pro se* litigants, I have previously granted significant accommodations to Plaintiff, in light of her status as a *pro se* litigant, by granting leave to amend her Complaint to add an additional count and defendants, additional time for service of process, including instructions on how to do so properly [DE 43, 54], and extensions of time for responding to Defendants' Motions to Dismiss [DE 79].

[8] As discussed above, Plaintiff's claims center on the conspiracy provision in that she alleges those involved in the State Foreclosure Action, ranging from the banks, their employees and counsel, the state judicial officers and administrators are "acting in concert and conspiracy" to commence fraudulent and illegitimate foreclosure actions against her and others.

*Childers*, 18 F.3d 899, 910 (11th Cir.1994). "Pattern of racketeering activity" is a defined term and requires at least two acts of "racketeering activity," which is equated with the commission of so-called "predicate acts" of racketeering activity within a 10 year period as defined by § 1961(1). *Salinas*, supra; *Fla. Evergreen Foliage v. E.I. Du Pont De Nemours, Co.*, 135 F. Supp. 2d 1271, 1284 (S.D. Fla. 2001); *see* 18 U.S.C. § 1961(5). The predicate acts includes any act that is indictable under a lengthy list of criminal offenses, including the predicate acts of mail and wire fraud and extortion, as alleged by Plaintiff.[9] Plaintiff's RICO claim fails because she has not alleged a pattern of racketeering activity or the existence of an enterprise. I address in each in turn.

Although Plaintiff alleges the predicate acts of mail fraud, wire fraud and extortion, civil RICO claims that are essentially a certain breed of fraud claims, must be pled with an increased level of specificity. *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316-17 (11th Cir. 2007); *Brooks v. Blue Cross and Blue Shield of Fla.*, 1995 WL 931702, *19-20 (S.D. Fla. Sept. 22, 1995) (Marcus, J.) *aff'd* 116 F.3d 1364 (11th Cir. 1997); see Fed. R. Civ. P. 9(b); S.D. Fla. L.R. 12.1. To satisfy the Rule 9(b) standard, RICO complaints must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud. In *Brooks*, the court concluded that

---

[9] Racketeering activity includes federal mail and wire fraud under 18 U.S.C. §§ 1341 and 1343, which prohibit the use of the mail or interstate wires for purposes of carrying out a scheme or artifice to defraud, as well as extortion under 18 U.S.C. § 1951, which prohibits the obtaining of property, by inducing another to consent by use of actual or threatened force, violence, or fear, or under color of official right. *See* 18 U.S.C. § 1961(1).

11

the complaint alleging a RICO claim did not meet the Rule 9(b) particularity standard because it was devoid of specific allegations with respect to each defendant; the plaintiffs lumped together all of the defendants in their allegations of fraud.  116 F.3d at 1381 ("in a case involving multiple defendants ... the complaint should inform each defendant of the nature of his alleged participation in the fraud.").  For the same reasons, Plaintiff has plainly failed to allege with *any* specificity the predicate acts of mail and wire fraud as to Defendants in this case, only that unspecified fraudulent activity has occurred.[10]  Her assertions do not specify any facts concerning a single instance of mail and/or wire fraud, much less the date, place, or time of any purported fraud, they do not allege the Defendants' particular involvement in the mail or wire fraud.  The Amended Complaint further fails to allege what false representation was made, or even offer any facts about the general content of the mail or wire fraud.  The Amended Complaint does not even allege how Ms. Jenkins was defrauded.

Plaintiff's allegation of extortion as a predicate act of racketeering activity also fails.  To maintain a RICO action based on extortion, the plaintiff must allege that the defendant (1) obtained property, (2) from another, (3) with his consent, and (4) by inducement through wrongful use of actual and threatened force, violence, or fear, or under

---

[10] To the extent Plaintiff asserts that the fraudulent activity is the foreclosure action based on a promissory note and Mortgage that has been lost, this claim fails.  The fact that the original Mortgage and is lost was stated plainly in Deutsche Bank's foreclosure complaint.  There can be no misrepresentation when Plaintiff has always been aware of what she now contends is the central defect to the State Foreclosure Action.  Indeed, I note that the foreclosure complaint provides that Deutsche Bank "will agree to entry of a Final Judgment of Foreclosure wherein it will be required to indemnify and hold harmless [Ms. Jenkins] from any loss [she] may incur by reason of a claim by another person to enforce the lost Note and Mortgage." [DE 63-2, p.8]

color of official right. *Ace Pro Sound and Recording, LLC v. Albertson*, 512 F. Supp. 2d 1259, 1267 (S.D. Fla. 2007) (citing *United States v. Adair*, 951 F. 2d 316, 318 (11th Cir. 1992). This claim can be dismissed out of hand on its face because Plaintiff never provided any consent to the foreclosure of her mortgage. Having failed to sufficiently allege any predicate acts of racketeering activity, Plaintiff's RICO claim must fail.

Second, Plaintiff does not allege the existence of an enterprise, beyond the conclusory assertion that various Defendants, in this case and the related cases, form an association-in-fact. 18 U.S.C. § 1961(4) ("'enterprise' includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity"). As a threshold matter, a bald recitation of an element of a claim is insufficient to survive a motion to dismiss. *Watts*, 495 F.3d at 1295. Moreover, a complaint must allege the existence of an ongoing organization of associates that function as a continuing unit separate and apart from the pattern of racketeering. *See In re Managed Care Litigation*, 298 F. Supp. 2d 1259, 1273-1274 (S.D. Fla. 2003) (citing *United States v. Turkette*, 452 U.S. 576, 583 (1981) ("The enterprise is an entity...a group of persons associated together for a common purpose of engaging in a course of conduct. The pattern of racketeering activity, is, on the other hand, a series of criminal acts as defined by statute."). Her allegations contain no assertions of how the various Defendants function as an association in fact or their respective roles in such an association. Her inclusion of Defendants who are only tangentially and remotely connected to the State Foreclosure Action further lend support to the conclusion that Plaintiff has stated no plausible, indeed, possible claim to the existence of such an association-in-fact. Having failed to allege the existence of an enterprise, Plaintiff's RICO claim must fail.

### 2. Fair Debt Collection Practices Act

Plaintiff alleges in general and vague terms that Defendants have undertaken improper means to foreclose on her Property in violation of the FDCPA. 15 U.S.C. § 1692. However, Defendants have persuasively set forth by a claim under the FDCPA cannot be stated as a matter of law. First, the FDCPA applies only to "debt collectors" as defined by the statute. 15 U.S.C. § 1692e (The FDCPA applies only to "debt collectors."); *Buckman v. American Bankers Ins. Co. of Florida*, 924 F. Supp. 1156, 1158 (S.D. Fla. 1996) (dismissing FDCPA claim because the defendant was not a "debt collector" and thus the provisions of the FDCPA did not apply). The term "debt collector" means any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due another. 15 U.S.C. § 1692(a)(6). The FDCPA expressly excludes from the definition of debt collector "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity: (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; … [or] (iii) concerns a debt which was not in default at the time it was obtained by such person...." 15 U.S.C. § 1692a(6)(F). Here, Deutsche Bank, as Trustee, is excluded from the definition of debt collector because all of its actions to enforce Plaintiffs' respective debts were taken solely in its capacity as trustee charged with enforcing the terms of the mortgage. Further, Plaintiff's mortgage was assigned and owed to Deutsche Bank *prior* to Plaintiff's default, meaning that Deutsche Bank, its personnel or counsel are not debt collectors as defined by the FDCPA.

Second, as a matter of law, attempts to foreclose on a mortgage do not qualify as actionable debt collection activity, and no requisite debt collection activity is alleged. Foreclosing on a mortgage "is distinct from the collection of the obligation to pay money.

14

The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing ... is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property." *Trent v. Mortgage Electronic Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1360-61 (M.D. Fla. 2007) (citations omitted); *see Acosta v. Campbell*, 2006 WL 3804729, *4 (M.D. Fla. Dec. 22, 2006) ("[n]early every court that has addressed the question has held that foreclosing on a mortgage is not a debt collection activity for the purposes of the FDCPA") (collecting citations) *aff'd* 309 Fed. App. 315 (11th Cir. 2009). Accordingly, as a matter of law, Plaintiff has not stated a cause of action under the FDCPA.

### 3. Common law malicious foreclosure

Having dismissed with prejudice the federal claims in this action, I decline to exercise supplemental jurisdiction to entertain Plaintiff's claim for common law malicious foreclosure.[11] Federal courts have supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a), which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even if a court is satisfied that supplemental jurisdiction has been established, the court may decline to exercise it if: "(1) the claim

---

[11] Diversity jurisdiction requires complete diversity of citizenship between Plaintiff and Defendants. 28 U.S.C. § 1332. I take judicial notice, *sua sponte*, that Plaintiff had previously been determined to be a citizen of Florida, and that certain Defendants, including counsel for Deutsche Bank, Richard E. Landman and George N. Andrews practice in Florida with the law firm of Akerman Senterfitt, also a Defendant in this action. Fed. R. Evid. 210(b)(2).

raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction, or; (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Here, not only has all the federal claims been dismissed, there is no persuasive reason why a malicious foreclosure claim that is inextricably intertwined with the State Foreclosure Action should be separately heard in this Court.

Indeed, to exercise supplemental jurisdiction would violate "the rule against splitting causes of action, which flows from the doctrine of res judicata. The rule against splitting causes of action makes it incumbent upon plaintiffs to raise all available claims involving the same circumstances in one action."[12] *Dep't of Agric. & Consumer Servs. v. Mid-Fla. Growers*, Inc., 570 So. 2d 892, 901 (Fla. 1990) (The rule against splitting causes of action is predicated on the following basic policy considerations: (1) finality in court cases promotes stability in the law; (2) multiple lawsuits arising out of a single incident are costly to litigants and an inefficient use of judicial resources; and (3) multiple lawsuits cause substantial delay in the final resolution of disputes). To entertain the claim of malicious prosecution would essentially permit Plaintiff to re-litigate the State Foreclosure Action or seek reconsideration of the state court's Final Judgment of Foreclosure in this forum. Under such circumstances, it would be an abuse of discretion to exercise supplemental jurisdiction.

---

[12] Plaintiff appears to recognize this, having hired counsel to file a Motion to Set Aside Judicial Sale and Amended Motion to Vacate Final Judgment of Foreclosure in Palm Beach County Circuit Court [DE 93 at p. 4].

B.     Plaintiff's Motion for Default Judgment

Plaintiff moves for default judgment against the Individual Foreign Defendants, who Plaintiff alleges had been personally served at their place of business and have failed to answer or otherwise defend.[13]  However, the record demonstrates that the Individual Foreign Defendants have not been properly served.  Fed. R. Civ. P. 4(f) requires that individuals in a foreign country be served "by any internationally agreed means of service that is reasonably calculated to give notice...as prescribed by the foreign country's law of service...or...by [delivering or mailing] a copy of the summons and of the complaint to the individual personally...."  Fed. R. Civ. P. 4(f)(1), (2).  Plaintiff, by leaving summons to each Individual Foreign Defendant, who are Deutsche Bank employees in Frankfurt, Germany, with a Deutsche Bank representative in London [DE 84], failed to satisfy the requirements of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, to which both the United States and Germany are parties, or otherwise demonstrate compliance with Fed. R. Civ. P. 4(f).  *Maale v. Francis*, --- F.R.D. ---, 2009 WL 2044804, * 9 (S.D. Fla. Jul. 10, 2009) (The plaintiff has the burden of establishing that service is valid under Fed. R. Civ. P. 4); *see Familia de Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980).  Service being improper, the motion for entry of default is denied.[14]

C.     Disposition of Related Cases

In *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524

---

[13] I construe this Motion as a Motion for Entry of Default, which is the appropriate motion to be filed under these circumstances.

[14] In any event, even if default were proper, I would grant a motion to set aside default based on the absence of merit to Plaintiff's claims.

(11th Cir.1983), the Eleventh Circuit prohibited a *sua sponte* dismissal of a case in the following circumstances: (1) the defendant had not filed an answer and, thus, the plaintiff still had a right under Fed. R. Civ. P. 15(a) to amend the complaint; (2) the plaintiff's claim was brought in good faith and was not vexatious or patently frivolous; and (3) the district court had provided the plaintiff with neither notice of its intent to dismiss the complaint nor an opportunity to respond. *Id.* at 527. I conclude that in the related cases that any amendment of the respective complaints would be futile and that Plaintiff's claims in these related cases are vexatious. In order to provide Plaintiff with all due process of law, I conclude that this Order shall serve as notice to Plaintiff of my intent to *sua sponte* dismiss with prejudice the related cases and that Plaintiff shall be given an opportunity to show cause why such a course of action would not be appropriate.

      D.      Sanctions against Plaintiff

Pursuant to Fed. R. Civ. P. 11(c), I have inherent power to impose sanctions on parties whose pleadings and motions are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." I conclude, for the reasons set forth above, that Plaintiff has commenced this action and the related actions to harass and cause unnecessary delay, that her claims are unsupported by law, and that her factual contentions are inflammatory and have no evidentiary support.

In fashioning the sanction to impose, I am guided by Fed. R. Civ. P. 11(c)(4), which limits the sanction to "what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives [*or*] an order to pay a penalty into court...." Fed. R. Civ. P. 11(c)(4) (emphasis added). I conclude that the appropriate sanction in this case is restricting Plaintiff from pursuing any future action in this District for relief associated with the foreclosure of her Property without prior leave of court. Accordingly, it is hereby

ORDERED and ADJUDGED that

1. Defendants' Motions to Dismiss [DE 62, 68, 72, 90] are GRANTED. Plaintiff's claims are DISMISSED with prejudice.

2. Plaintiff's Motion for Default Judgment against the Individual Foreign Defendants [DE 85] is DENIED.

3. This case is CLOSED.

4. Plaintiff is hereby RESTRICTED from filing in the Southern District of Florida any further actions related to the foreclosure of the subject Property without prior leave of Court. Continued abuse of judicial process will lead to more severe sanctions, including monetary sanctions.

5. Plaintiff shall show cause on or before **September 25, 2009** why, in light of the reasoning set forth in this Order, the related cases 09-20067, 09-20824, and 09-21482 should not be similarly dismissed with prejudice.

6. This Order shall be docketed in the related cases 09-20067, 09-20824, and 09-21482.

DONE and ORDERED in Chambers in Miami, Florida, this 3rd day of September, 2009.

_____
THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:
All counsel of record
U.S. Magistrate Judge Chris M. McAliley

**Lindsay Jenkins** [Via U.S. Mail from Chambers]
300 Burns Street
Forest Hills, NY 11375